UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALFONSO GUTIERREZ CARDONA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et. al.,<br>Respondents. | No. 1:26-cv-00691-TLN-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

According to Petitioner, he was initially detained by Department of Homeland Security on November 17, 2022, then released on parole on November 25, 2022. See ECF No. 1, pg. 5. Petitioner claims he applied for asylum on November 17, 2023. See id. Petitioner asserts he was denied due process when he was re-detained on December 18, 2025, without notice or a pre-deprivation bond hearing. See id. at 6. The District Judge noted the "Court has repeatedly ruled on the issues presented in the instant case. See, e.g., Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025)." Accordingly, the court granted the temporary restraining order, ordering:

> [1] Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner under the same conditions he was released prior to his current detention. At the time of release, Respondents must return all of Petitioner's documents and possessions.
>
> [2] Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing.
>
> [3] Respondents are further ORDERED TO SHOW CAUSE why the Court should not issue a preliminary injunction continuing the terms of this Order.
>
> ECF No. 6

The court granted the preliminary injunction, enjoining Respondents "from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary . . . [and] from re-arresting . . . Petitioner absent compliance with constitutional protections . . ." See ECF No. 10. In ordering the preliminary injunction, the Court found that Petitioner established a likelihood of success on the merits of his due process claim. See id at 2-3. Specifically, the Court found that Petitioner had a liberty interest in continued release and that Petitioner was entitled to notice and an opportunity to be heard prior to re-detention. See id.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 10, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

Additionally, the undersigned finds Petitioner's release from detention does not render this action moot. See Cruz v. Lyons, 2025 U.S. Dist. LEXIS 234185, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id. A habeas petition is not moot where preliminary relief is not made permanent. See id. (citing Nielsen v. Preap, 586 U.S. 392, 403, 139 S. Ct. 954, 203 L. Ed. 2d 333 (2019) (plurality) (rejecting suggestion of mootness

where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief." Im v. Semaia, 2026 U.S. Dist. LEXIS 13231, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026). Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE